141028 Michigan Corrections Organization, Service Employees International Union, Local 526 M at All, Versity, Michigan, Department of Corrections. Oral argument not to exceed 15 minutes per side. Mr. Runyon, Jr. for the Plaintiff's Appellants. Thank you. Good morning. May it please the Court. I'm John Runyon from the Detroit firm Saks Waldman on behalf of the Appellants. With me today is Attorney Jeff Foldy who's making his first appearance before this Court. Welcome. And I've already indicated to Mr. Ford I'd like to reserve five minutes of my time for rebuttal. This appeal is from a final judgment and order granting defendant's motion to dismiss, both entered by the District Court on December 4th, 2013, without hearing or oral argument. Judge O'Mara dismissed the Appellants' claims for unpaid wages and overtime pay in their entirety, including their claims against the State of Michigan Department of Corrections under the Federal Fair Labor Standards Act and Michigan's Minimum Wage Act of 1964. Judge O'Mara also dismissed Appellants' claims against MDOC Director Daniel Hines individually for prospective relief to end a continuing violation of federal law as alleged in paragraph 71 of the First Amendment complaint. Without abandoning the argument that Congress acted within its authority under the Privileges and Immunities Clause of the 14th Amendment when it extended the Federal Labor Standards Act to state employers, I would like to focus my argument this morning primarily on the District Court's dismissal of the claim against Director Hines for declaratory relief to end a continuing violation of the Federal Labor Standards Act of 1938. As this Court is well aware... What's your theory for that? Is your theory that the Supremacy Clause allows this? Is your theory that there's an implied rate of action in 1983? How do you think about this? Because, I mean, the Court, as you probably know, the Supreme Court, has been very energetic about telling the lower federal courts not to too lightly assume a statute comes with private rights of action, even for injunctive relief. Right? And so, is your basic point that, well, the Supremacy Clause trumps all that, and Ex Parte Young, together with the Supremacy Clause, makes it irrelevant what an underlying statute says about the ability to sue to enforce? How do you think about it? Well, if I understand the Judge's question, Judge Hutton, the way I think about it is that the 11th Amendment is fairly clear about retroactive relief, and the Court has carved out an exception for prospective relief because of the Supremacy Clause. And the Supreme Court seems to me to have said, in a number of cases, including Green v. Mansoor, that in order to give life to the Supremacy Clause, it's necessary to give the courts the power under Ex Parte Young to issue prospective relief. But I think one of the things going on with the Court's cases is, I think they're saying, yes, you're right, when the state asserts 11th Amendment immunity in the context of a prospective injunctive relief situation, the plaintiff can come back and rely on Ex Parte Young. So that's the part, what you just said, which the Court respects. But what the Court is also saying is the whole 11th Amendment immunity, Ex Parte Young debate shouldn't obscure the underlying question of whether the statute allows anybody to invoke it in a private setting for prospective relief. You still have to examine what the statute allows, right? So in Seminole Tribe, you get a situation where the Court says, well, the statute's very specific about how it's enforced, and so therefore we're not going to allow Ex Parte Young to come up with another enforcement mechanism. Then you have other cases that say, well, the statute doesn't imply, it doesn't give a right of action in this setting. It says only the Secretary can enforce, and we're supposed to respect that. So does that make sense, what I'm saying? Well, I think I understand what you're saying, and I hope I do. But it seems to me that we're not talking about, clearly the statute here is a Fair Labor Standards Act, and there clearly is a private right of action, and Congress has attempted twice to extend that private right of action to state employees. Now the question is, there is not a right for injunctive relief. I'm going to concede that. This Court has made clear that there's no private right of action for injunctive relief. That action is with the Secretary of Labor. Right, so that's a problem under the Court's cases. That's a threshold problem that has nothing to do with the 11th Amendment, nothing to do with the Ex Parte Young, nothing to do with Supremacy Clause. What I'm focusing on here is declaratory relief. And most recently, in the Balgawan case, the Third Circuit Court of Appeals specifically allowed an amendment to persons suing the New Jersey Department of Transportation, an amendment to bring an action for just declaratory relief against a state official in charge of the Department of Transportation there. Was it a similar kind of a case? I'm sorry? Was it a similar kind of a case? Yes, exactly the same. And it was a case, it's called Balgawan v. State of New Jersey. It's cited in our brief. It's a Third Circuit decision that Judge O'Meara apparently wasn't even aware of. Judge O'Meara, in contrast... Did that case talk about Seminole Tribe? Did that case talk about implied rights of action? Did that case talk about Sandoval? I think if you take a look... No to all of them. I think if you look at the Third Circuit's decision in Balgawan, it deals with all of those issues. I did look at it. It doesn't deal with any of them. That's my reading of it. I mean, you get rebuttals, so you can pull it up and read it to me. But I do not see it talking about Seminole Tribe. I don't see it talking about Sandoval and implied rights of action. That's not the job of the courts. That's the job of Congress. And here Congress said, the FLSA is done by the Secretary in this kind of a setting. Your Honor, I'm not sure exactly what part of Seminole Tribe you're referring to. Perhaps you're referring to the portion where it says, if there is a detailed remedial scheme. Yes. Yes. And in this particular case... They said have the Secretary of Labor do it. The Secretary of Labor has declined to do anything in this particular case. And we filed a complaint with the Department of Labor and she said, you know, go sue. We don't have the resources to do anything for you. So that's when we brought this lawsuit. But the most important thing is that the remedial scheme under the Fair Labor Standards Act is much more like the FMLA. And the FMLA in this court in Diaz versus the very department here, Diaz versus the State Department of Corrections, said that the remedial scheme in that case was not like the one in Seminole Tribe under the Indian Gaming Act. And there wasn't any reason, given the remedial scheme under the Family and Medical Leave Act, to preclude the action under Ex parte Young. So whether Balgawan dealt with that issue or not, this court has dealt with that issue in the Diaz case. Could you remind me, so FMLA says injunction actions can only be enforced by the head of the agency? No. Okay, well then how is it analogous to this case? Well, that's really the only difference. That's the only difference. I mean... for vindicating rights under the statute, we shouldn't allow Ex parte Young to circumvent that. But that's not the case. There isn't any kind of intricate scheme created by Congress under the Fair Labor Standards Act. It basically said, you know, if you want injunctive relief, the Secretary of Labor's got to sue. If you want retroactive relief, the individual sues. It's a very uncomplicated, it's not very intricate at all. It's not even like, you know, Title VII or the ADA. You don't have to go to the EEOC and file a charge of discrimination. There isn't any kind of procedures like that. You can, there is an optional procedure to go to the United States Department of Labor. It doesn't even have to be pursued. We did that in this case. And the Department of Labor sent us a letter and said, go sue them. We don't have the resources to assist you. Mr. Runyon, what I don't understand under your declaratory judgment request is that it's clear that we don't have, we don't gain subject matter jurisdiction simply by the Declaratory Judgment Act, even though it's a federal statute. So we have to have a source of jurisdiction someplace. If you would like to cite the federal statute, that normally would make sense. But if you've already conceded that you can't get damages and you can't get injunctive relief, then I don't see where we have jurisdiction to give a declaratory judgment when we have no ability to give relief. Well, a declaratory judgment is relief. It's a limited kind of relief, but that is the kind of relief that we're entitled to to end a continuing violation of law, just to have a, you know, that's what gives life to the Supremacy Clause. An injunction would end a continuing violation. You're going back and forth between injunctive relief, saying I want that, and then you're saying I concede I can't get that, and then you're saying declaratory relief. I'm not going back and forth. Declaratory relief doesn't necessarily end anything if there's nothing the court can do. All it gives you is a platform to go to state court and say, now we've got this federal court declaring the rights of the parties, and now state court, you enforce it. That's normally not our job. Judge, I don't want you to think I'm going back and forth. I was trying to answer Judge Sutton's question about Seminole Tribe. I'm telling you right now, the statute is clear. We're not entitled to injunctive relief. The Secretary of Labor is. But we're entitled to declaratory relief, which is the same kind of relief that the Third Circuit allowed the employees to get in the Balgawan case. And the case law is clear. The courts have said over and over again that the fact that injunctive relief isn't available doesn't preclude the availability of declaratory relief. Judge McKee's question is what's the source of your right? You've just acknowledged it's not the FLSA because that's money or injunction. Is it the Supremacy Clause? Because that's what you said to me earlier. If the Declaratory Judgment Act by itself can't give you jurisdiction, it just effectuates rights and laws that already exist, what's the law here in play? Is it the Supremacy Clause or is it the FLSA? How do you answer that question? Well, I believe the source of the jurisdiction is the Fair Labor Standards Act and the right to declaratory relief under Ex Parte Young. And the reason the Supremacy Clause comes into play is because the courts have said, in Green v. Mansour and other cases, that the whole purpose of Ex Parte Young allowing prospective relief is to give life to the Supremacy Clause. They don't want states to just be able to ignore federal law, as the State of Michigan Department of Corrections is doing. They're doing exactly what the Fair Labor Standards Act says they should not be doing. And the only way that you can bring them into compliance with federal law is to authorize declaratory relief under Ex Parte Young. That's the interest that has to be animated here. For what it's worth, I mean, you get your full rebuttal, but for what it's worth, it seems to me what's very tricky about this case is the main statute you're relying on to supplement the Declaratory Judgment Act is a statute that doesn't allow for this. So that's what's tricky about the case. And the Supreme Court has been saying, be careful about whether assuming every time there's a federal statute that private citizens can enforce it however they wish. That message has been very clear the last 10 years. So that's the tricky part of the case. Judge, with all due respect, I think the only thing that's tricky is there isn't a right to injunctive relief, but there clearly is a right to declaratory relief. And the courts have said over and over again, including the United States Supreme Court, that the fact that injunctive relief is not available doesn't trump... Would a declaratory judgment have worked in Seminole Tribe? Would that have solved the problem there? Don't you think the answer is likely no? I think in Seminole Tribe the court said that the procedure that Congress had created under the Indian Gaming Act was so intricate... It implied nothing else, exactly. It was so intricate it implied there were no other ways to enforce the statute. It's just that they don't want to frustrate Congress's intent in creating these intricate procedures by allowing them just to sue an individual under ex parte young. Why isn't it equally frustrated by declaratory relief? Well, it's not... If the Secretary enforces it, why doesn't the result come out the same? The reason is... A declaratory judgment action here would have the same effect, right? A declaratory judgment action... The effect it would have is it would put an end to the continuing violation of the Fair Labor Standards Act by the Michigan Department. It would say... It would have the same effect as an injunction. It wouldn't have the same effect as an injunction. No, because an injunction specifically orders somebody not to do something. A declaratory judgment says what you're doing is unlawful. That's what a declaratory judgment says. And that's what we're entitled to. That's what we're seeking. We're not seeking an injunction. I don't want to be put in the trap that we're trying to call it something else. We're seeking declaratory relief. Declaratory relief is not robbed simply because an injunction is not available. Otherwise, it wouldn't be... I'm sorry? How do you enforce it? Just go to the state authorities and say here's what you have to do? I think the fact that the state of Michigan will have been found to have been in violation of the Fair Labor Standards Act is all that we're seeking in this case. Whether or not it's enforceable, that's the important thing under the Supremacy Clause because we don't want the state to be able to continue to thumb its nose at federal law and say that's the issue that's involved here. Can you allow a state to simply say, look, we're going to do what we want to do. We don't have to worry about the Fair Labor Standards Act. No, that's the balance that was struck here. The balance that was struck is we're going to allow when it's necessary to enforce... But you would agree Congress could have written a statute to say individuals can seek, the Department of Labor can seek injunctions and individuals can seek declaratory judgments or they can seek injunctions or they can do both. They could have done that. Congress could have done that and they didn't do that. But that's not... I think that's the tail wagging the dog here. I don't think the fact that the statute doesn't allow for injunctive relief really should have a lot to do with the court's decision in this case. I think you asked for five minutes of rebuttal. Yes. I'll give you the full five, but we probably ought to hear from the other side. Okay, thank you. Good morning, Your Honors. I'm Assistant Attorney General for the State of Michigan, Jean Marie Miller, on behalf of the defendant at the Michigan Department of Corrections. I think what needs to be pointed out before I go any further is the plaintiffs in this case are not seeking only prospective declaratory relief. If you look at their complaint, they want the court to declare that the plaintiff's rights under the Fair Labor Standards Act have been violated. They are seeking a finding of liability that they are not entitled to against the state by virtue of the Eleventh Amendment. To allow them to use the Declaratory Judgment Act and to seek declaratory relief in this case allows them to do not only an end run around the Eleventh Amendment, but an end run around the Fair Labor Standards Act as Congress has enacted it, which only allows the Secretary of Labor to seek injunctive relief. They do want to use the declaratory relief the same as injunctive relief. Even if they are successful in getting declaratory relief, it's not enforceable. The only way they can do it is to do exactly what the Supreme Court has cautioned against. If it's not enforceable, why do you care? Because they can do exactly what the Supreme Court has cautioned against and take that judgment into state court and use it as res judicata. So they can get their judgment in federal court, which they're not entitled to under the Eleventh Amendment, go into state court, say, I have a judgment, and use it as res judicata. And that is one of the five factors that this court has said the lower courts are to look at when they're determining whether or not the court is going to exercise declaratory relief or their declaratory relief power. It's not enforceable. It is, but only through filing a separate action in the state court. And I should point out, at the time this case was being briefed, there were no pending state court actions. Just last week, last Wednesday, the Michigan Court of Appeals reinstated a Fair Labor Standards Act brought by two other Corrections Department employees in the Court of Claims. That case had been dismissed for lack of jurisdiction. The Michigan Court of Claims Act was amended, and now the court has jurisdiction. So there's a pending case in state court dealing with this very issue with two different plaintiffs. If this judgment gets issued, it can be used against the state in that case. And when you look at the factors in Green v. Mansour, the United States Supreme Court, it was very clear that the Declaratory Judgment Act should not be used so that a party can race to state court and say, I have my judgment from the federal court, which they otherwise would not be able to obtain. They'd basically be using the federal court as an avenue to get monetary damages that they are not entitled to in federal court through a state court. That should be the process that's used, or the remedial scheme that the Fair Labor Standards Act provides in and of itself to go through the Secretary of Labor. If the state court action that got reinstated is based on the Fair Labor Standards Act, I assume that's the case? That is true. The federal one. The federal law. Or is it a state law case? There's both claims asserted in there. As to the federal law aspect of that, how do they purport to get around all of them? That's an interesting question. That issue actually never got addressed in the lower court. Are you conceding that the state court has jurisdiction over the federal law claim filed in state court? I am not conceding that at this point. That issue has not been addressed by the state court. Your position, correct or incorrect, is that you can't get relief in state court, even with a declaratory judgment under ALDA. I don't think they can get monetary damages, whether they can enforce the judgment in state court, and it may possibly be able to be used in there's a state court action as well. Is there much of a difference between the standards of liability between the state and federal law? Because if there's not much of a difference, it seems like the real question is whether there's liability. The differences between the state and federal law, as I understand them, between the Michigan Minimum Wage Act, which allows for overtime compensation, and the Fair Labor Standards Act, deal with remedies as opposed to the liability issues. So getting liability, I don't think there is a difference as to whether they violate it. Do you concede that if you win this case on the grounds you've argued, on the grounds of the district court, that it would not be res judicata on the merits in the state court action? Oh, absolutely, because there would be no merits decision in this case. At this point, the court's dealing with whether the court has jurisdiction, and whether the action is barred by the 11th Amendment, and whether there's any exception to 11th Amendment immunity. The liability issues, the merits issues, have not been addressed as of this point, and our point is they should not be addressed in the federal court because of the 11th Amendment, and because of the remedial scheme set forth by the Fair Labor Standards Act. I don't understand that. If this court were to say, as Judge Shutton just asks, that there is no jurisdiction under the Fair Labor Standards Act against a state entity because of the 11th Amendment, then why isn't that res judicata, at least as to that legal principle, that precludes getting to the merits that would be used in state court? I thought he was referring to being used in a way under the state act. I do think we could use it as to the Fair Labor Standards Act claim, but we wouldn't be able to use any finding this court makes under the Fair Labor Standards Act to preclude any sort of liability under the Michigan Minimum Wage Act because no issue on the merits or liability is being decided by this court. So if I understood his question, I'm sorry, but that's what I thought he was asking. It couldn't be used as to the state claim, but there is another remedy. They have a remedy. This court doesn't have to, and I cannot stress enough, the Declaratory Judgment Act is discretionary. This court is to review the lower court's decision to not exercise its authority to grant or look at declaratory relief under an abuse of discretion. It's not the court must, it's the court may. And when you look at the factors, it will not end the controversy at declaratory judgment action because there would be no mechanism to enforce the declaratory judgment. It wouldn't clarify the legal issues. And this is how this case is different from the Balgoin case that the plaintiff cited. In Balgoin, the plaintiff was asking for a declaration whether or not a group of employees was exempt for purposes of computing salary and hourly wage. They weren't asking the court to find that the Fair Labor Standards Act had been violated. They were asking, tell us, court, are these employees exempt? You read the declaratory relief provisions. If that's your only ground for distinguishing that decision, you have one skeptical judge. Maybe not three, but one. Well, if you look at their prayer for relief, their prayer for relief is, court, declare that it has been violated. That's a finding of liability, not a declaration of rights. That's not setting forth a declaration of rights. It's probably the same thing if you say what the rules are on the exemption. I mean, I suspect it was outcome dispositive in that case. It is, but it goes, this case, what they're seeking goes further because they want the court to declare that they violated the, they're not asking the court explain and set forth what the rights are with regard to the Fair Labor Standards Act and overtime compensation. They're saying, tell the state that they've already violated it. To me, there is a distinction between going back and saying, tell them they did violate it, they have violated it, as opposed to saying, if you do this, you're violating it. There is a distinction to there in my mind, and that was what the court was looking at in Balgoin. And the biggest issue is the issue, as I cited, that the Supreme Court cautioned against in Green about the declaratory relief being used to do an end-to-run around 11th Amendment immunity, and that's what they're doing here, and that's what the district court decided. That's what they used the district court in its discretion decided it wasn't going to do. And I think that decision should be upheld. I don't believe the plaintiff has shown that they abused their discretion. All right, thank you very much. Appreciate your argument. Mr. Runyon, you have your rebuttal. Thank you. First of all, I agree with Judge McKeague that clearly under the Alden case, I don't think the state court action was only revived because of the recent legislation involving the revamping of the Michigan Court of Claims. So it was really purely a procedural decision. They haven't dealt with the merits at all in that case. But Alden doesn't affect a state law claim in state court, right? Correct. But the state law does contain an exemption. It only applies where the federal law does not apply. I don't think that's been made clear. The Michigan Minimum Wage Law contains a large exemption which says you can only rely upon the Michigan Minimum Wage Law of 1964 if you don't have a claim under the Federal Failure of Standards Act. Oh, so you want to lose here. Pardon? You want to lose here. We want to lose here, yeah. Yeah, right? Don't we just give you the... Well, the judge dismissed our Michigan Minimum Wage Claim. What we would like at the very least is a dismissal without prejudice of our Michigan Minimum Wage Claim so that we could refile that claim in the state court. So you can do it. Pardon? So you can do it. Yes. But as it stands right now... I just want to make sure I understood something. I'm really embarrassed I don't remember this. Is there a penitent state law claim in our case? No. Oh. Okay. So what do you... When you just said I want... You're referring to the state courts when you just said dismiss the state law claim without prejudice. I just said we had a minimum wage claim in this case, a penitent state claim which was dismissed... Without prejudice. No, it was dismissed with prejudice in the same order in this case. All of the claims were dismissed. Okay, well, that was the thing I was asking to clarify. I'm a little embarrassed I didn't realize this. Okay. So you're saying one error in the district court decision aside from Ex Parte Young, aside from the 14th Amendment, Section 5, is that the district court should not have dismissed the state law pending claim with prejudice. Correct. And I think that's clear. Remind me what the district court judge... I'm embarrassed I just don't remember this. What was the district court judge's ground for doing it with prejudice because that wouldn't make sense. Well, I don't think he specifically did it, but he didn't make it clear that the dismissal of the state claims, he dismissed the state claims just like the federal claims and... Can I stop you? You agree that it would be without prejudice. Yes. In fact, I have the court's opinion in front of me. Well, forget what it says. You would just concede he couldn't do it with prejudice. Okay, good. So that's... Well, it doesn't say that. It says he just declines to exercise supplemental jurisdiction. He doesn't dismiss them, nor does he mention prejudice or not prejudice. We presume without prejudice. He entered an order of dismissal. Go back to the silver platter. You want to lose. Let me talk about what... If I could just use a couple more minutes to talk about what the judge did do here, though. He didn't exercise discretion under the Grand Trunk criteria that Ms. Miller is relying upon. He said, I'm not going to allow you to pursue your claim for declaratory relief, and he cited the Supreme Court's decision in Green v. Mansour and the First Circuit's decision in Mills v. Maine. And the most important thing to know about those cases is neither one of those involved a claim to end a continuing violation of federal law. In the Green v. Mansour case, a federal statute had been passed to remedy the procedural violations that the plaintiff was complaining of. In Mills v. Maine, the state had brought itself into compliance with the Fair Labor Standards Act. Just cutting to the chase. When you're talking about the exercise of discretion of a district judge under the Declaratory Judgment Act, if there is relief under the statute that is at least statutorily available to go to the secretary, have the secretary enforce the act, how could it be an abuse of discretion to simply leave you to your remedies, whatever they are, before the secretary, regardless of whether the secretary has currently agreed to help you or not help you? I don't understand how that can be an abuse of discretion. I think that an abdication of discretion is an abuse of discretion. There isn't any indication in his opinion here that Judge O'Meara was exercising discretion. He says, lookit, I think declaratory relief is unavailable in these circumstances. He didn't say I'm going to exercise discretion not to, you know, hear the claims for declaratory relief. He says I don't think declaratory relief is available in these circumstances because it's an end run around the 11th Amendment jurisprudence. And then he cited two cases that were in the opposite because they didn't involve the continuing violation of federal law. So I believe when a court doesn't, you know, exercise its discretion but abdicates its discretion, that's a situation where there can be a finding of abuse. Thank you for your time. Thanks to both of you. It's a really interesting case, intricate in a lot of different ways. So we appreciate the briefs and the oral argument and for answering our questions. Thank you, Judge. Thanks very much. The case will be submitted and the clerk may call.